IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WENDY KAREN BOONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-107 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Wendy Karen Boone ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

**I.    BACKGROUND**

Plaintiff is a fifty year-old female with a limited education that has worked as a waitress, cashier, car hop, and pizza dresser. R. at 39, 81. Plaintiff protectively applied for SSI and DIB on March 28, 2012, alleging a disability onset date of January 1, 2008. R. at

("R."), p. 132. The Social Security Administration denied Plaintiff's applications initially, R. at 194-201, and on reconsideration, R. at 203-04. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), R. at 205-06, and the ALJ held a hearing on August 6, 2013, R. at 47-87. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, Erica Axon, Plaintiff's daughter, and Benson Hecker, a Vocational Expert ("VE"). Id. On August 9, 2013, the ALJ issued an unfavorable decision. R. at 20-41.

Applying the five-step sequential process required by 20 C.F.R. § 404.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.*, and 416.971 *et seq.*).

2. The claimant has the following severe impairments: rheumatoid arthritis, generalized anxiety disorder, ulcer, dysthymic disorder, borderline intellectual functioning, and hypertension (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform light work[1] as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). In particular, the claimant can lift or carry up to 20 pounds occasionally and 10 pounds frequently. She can stand or walk for approximately 4 hours of an 8-hour workday and sit for approximately 6 hours of an 8-hour workday with normal breaks. The claimant is limited to frequent pushing or pulling with her bilateral upper extremities and frequent handling and fingering with the bilateral upper extremities. She is limited to occasional climbing of ramps and stairs, occasional balancing, stooping, kneeling, crouching and crawling and no climbing of ladders, ropes or scaffolds. The claimant is limited to only simple work-related decisions with few workplace changes and only occasional interaction with coworkers and the general public. (20 C.F.R. §§ 404.1565 and 416.965).

5. Considering the claimant's age, education, work experience, and residual functioning capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)).

R. at 22-41.

When the Appeals Council denied Plaintiff's request for review, R. at 1-3, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal of the adverse decision. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because (1) the ALJ improperly assessed the opinion of Dr. Peacock as to Plaintiff's

---

[1]"Light work" is defined as work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b), 416.967(b).

3

functional limitations with her hands, (2) the ALJ improperly found Plaintiff had the RFC to do light work with frequent pushing, pulling, handling, and fingering with the bilateral upper extremities in light of Dr. Peacock's opinion, (3) the ALJ erred in not including Dr. Peacock's opined limitations in her hypothetical to the VE, and (4) the ALJ did not carefully and fairly consider the evidence in issuing her opinion two and half days after the hearing. (See generally doc. no. 9 ("Pl.'s Br.").)  The Commissioner maintains that the decision to deny Plaintiff's application is supported by substantial evidence and should therefore be affirmed. (See doc. no. 10 ("Comm'r's Br.").)

## II.   STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986).  When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145.  Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial

4

evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

#### A. The ALJ Gave Appropriate Consideration to Dr. Peacock's Evaluation in Formulating Plaintiff's RFC.

In making an RFC determination, the ALJ is charged with the duty to weigh the evidence, resolve material conflicts in testimony, and determine the case accordingly. See

5

Battle v. Astrue, 243 F. App'x 514, 523 (11th Cir. 2007); Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). Furthermore, an ALJ does not adopt the opinion of any one medical source, but considers the totality of the evidence in arriving at a conclusion on the ultimate question of disability. See 20C.F.R. §§ 404.1527(b), (c); 416.927(b), (c); Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004) (reasoning that prior inconsistent treatment notes and Claimant's daily activities supported ALJ's decision to reject functional capacities evaluation by treating physician). An ALJ's decision also need not address every limitation included in a physician's report as long as the written decision is clear that the ALJ considered both the physician's opinion and the plaintiff's condition as a whole. See Adams v. Comm'r, Soc. Sec. Admin., 586 F. App'x 531, 534 (11th Cir. 2014).

Plaintiff contends that the ALJ did not give due consideration to a portion of a report by Dr. Lamar B. Peacock, a consulting physician, where Dr. Peacock gave examples of Plaintiff's functional use of her upper extremities. (Pl.'s Br., p. 12-13.) In particular, Plaintiff points to statements by Dr. Peacock that Plaintiff had "rheumatoid arthritis which has resulted in significant impairment and the symptoms and impairment have varied considerably depending on disease activity and treatment." R. at 471. In giving examples of her functional use of the impaired extremities, Dr. Peacock included " unable to use knife and fork for cutting, unable to button, tie shoes, unable to open jars, use keyboard, needs assistance buttoning, with personal hygiene." R. at 471.

Dr. Peacock's statements were clearly based upon Plaintiff's subjective reports rather than objective observations during the examination. R. at 466. Indeed, Dr. Peacock goes on

to note that in Plaintiff's upper extremities "full range of motion is noted today." R. at 467. Further, Dr. Peacock's assessment states "[a]t the present time, there are minimal findings as she is on a prednisone Dosepak" and "[i]t is very likely that with appropriate treatment, she would do quite well." R. at 467. Dr. Peacock also observed full range of motion of all joints, including her wrists, hands, and finger, along with full strength in her upper extremities and full grip and pinch strength. R at 470. Consistent with the regulations, the ALJ gave more weight to the examiner's objective findings rather than self-reported limitations by Plaintiff. See 20 C.F.R. § 404.1527, 416.927(c); Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159-60 (11th Cir. 2004); Phillips, 357 F.3d at 1240-41. Further, the supposed limitations included in Dr. Peacock's report that conflict with Plaintiff's RFC are not "opinions" within the meaning of 20 C.F.R. §§ 404.1527, 416.927 because they do not "reflect judgments about the nature and severity" of Plaintiff's impairment. Rather, they are mere statements of Plaintiff's self-reported symptoms and are not entitled to the same weight as a medical opinion. See R. at 466, 470.

The opinion also demonstrates that the ALJ examined Plaintiff's condition as a whole. As shown through Dr. Peacock's report and Plaintiff's testimony, Plaintiff's swelling from rheumatoid arthritis was variable and resulted in "good days and bad days." R. at 466, 67. The ALJ, finding Plaintiff only partially credible, noted that Plaintiff has had only conservative treatment for her arthritis and that the medical evidence of record did not support the alleged frequency of her bad days. R. at 35. The ALJ, in summarizing the medical evidence, noted that the objective medical evidence was consistent with a diagnosis

7

of rheumatoid arthritis from x-rays in the medical record, but the evaluations, including Dr. Peacock's findings, did not support the functional limitations Plaintiff alleged. R. at 35. The ALJ also concluded that "[s]uch moderate treatment for a condition alleged to be incapacitating serves to undermine the credibility of the claimant as to the severity of her impairments." R. at 35. Later in the opinion, the ALJ noted that Plaintiff's activities of crossword puzzles, playing with her daughter's iPad, sweeping, washing dishes, and doing laundry conflicted with her self-reported limitations. R. at 36, 459. The ALJ's opinion demonstrates that Plaintiff's condition was evaluated as a whole, including her subjective complaints and the objective findings of the consultative examiners, and the ALJ properly discredited Plaintiff's subjective complaints.

Plaintiff also argues that the ALJ was in error when she failed to affirmatively state the weight given to Dr. Peacock's opinion. Pl.'s Br. at 15. As a result of this error, Plaintiff contends that the ALJ failed to properly consider Dr. Peacock's opinion, and it must be accepted as true. R. at 15, 16. Any failure to state with particularity the weight given to Dr. Peacock's findings is harmless error because the ALJ's assessment does not directly contradict the findings in Dr. Peacock's report. Wright v. Barnhart, 153 F. App'x 678, 684 (11th Cir. 2005) (finding that although the ALJ did not explicitly state what weight he afforded the opinions of three physicians none of their opinions directly contradicted the ALJ's findings, and, therefore, any error regarding their opinions was harmless) Here, Dr. Peacock's conclusion that there were minimal findings, and that she would do well with appropriate treatment, directly supports the ALJ's assessment that Plaintiff "is limited to

8

frequent pushing or pulling with her bilateral upper extremities and frequent handling and fingering with the bilateral upper extremities." R. at 25-26. Second, the ALJ was not required to accept Dr. Peacock's report as true because that rule only applies to the opinions of treating physicians, not consulting physicians like Dr. Peacock. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). Regardless, Dr. Peacock's ultimate opinion that Plaintiff would likely do well with treatment only supports the ALJ's conclusion.

Finally, Plaintiff argues that the ALJ did not give appropriate consideration to observations by Dr. Adrian Janit, a psychological consultative examiner. Dr. Janit observed that Plaintiff ambulated very slowly, was hunched over, and appeared to have compromised gross and fine motor movements because it took her several seconds to grip and turn the doorknob and her hands appeared to shake during the Block Design subtest. R. at 460. Dr. Janit's observations about Plaintiff's physical condition, made by a psychologist and not a physician, were entitled to little weight as this was an area outside of her expertise. See 20 C.F.R. §§ 404.1527(c)(6), 416.927(c)(6); Anderson v. Comm'r of Soc. Sec., 427 F. App'x 761, 764 (11th Cir. 2011). These observations are also not entitled to weight because they were not supported by any objective clinical findings. Szilvasi v. Comm'r, Soc. Sec. Admin., 555 F. App'x 898, 901 (11th Cir. 2014). As a result, the ALJ was not obligated to give any weight to the observations of Plaintiff's physical demeanor by Dr. Janit at the psychological evalution.

Plaintiff asserts similar arguments against the ALJ's assessment of the consultative examinations in contending that Plaintiff's RFC was not supported by substantial evidence. Pl.'s Br. at 15. The opinion demonstrates that the ALJ supported her RFC determination

with substantial evidence by carefully articulating the medical evidence that supported Plaintiff's particular limitations with her hands. R. at 35. The ALJ noted that multiple x-rays and medical examinations demonstrated that Plaintiff had rheumatoid arthritis with various levels of swelling in her MCP and PIP joints in her hand with some bone loss. R. at 35, 351, 432, 513. However, the ALJ noted that the medical evidence did not support the functional limitations that Plaintiff alleged due to Plaintiff's conservative treatment and significant non-compliance with her treatment regimen even though it improved her symptoms. R. at 35, 434, 448. The ALJ also noted that Plaintiff's activities of crossword puzzles, playing with her daughter's iPad, sweeping, washing dishes, and doing laundry conflicted with her self-reported limitations. R. at 36, 459.

Finally, Dr. Peacock's minimal findings upon examination and statement that Plaintiff would likely do well with treatment only further supports the ALJ's RFC determination. R. at 34. Because the ALJ correctly assessed Dr. Janit and Dr. Peacock's opinions, the ALJ was not in error when she did not include the self-reported limitations from Dr. Peacock's report in Plaintiff's RFC. Accordingly, the ALJ's assessment limiting Plaintiff to "frequent pushing or pulling with her bilateral upper extremities and frequent handling and fingering with the bilateral upper extremities" is supported by substantial evidence.

### B. The Hypothetical to the VE Accurately Described Plaintiff's Limitations.

In a similar argument to the one addressed above, Plaintiff contends that the ALJ erred when she failed to include the supposed limitations in Dr. Peacock's report in the hypothetical to the VE. (Pl.'s Br., p. 17.) Because the ALJ's decision to omit the self-

reported limitations in Dr. Peacock's report is supported by substantial evidence, the ALJ was not required to include these limitations in the hypothetical to the VE.

The underlying assumptions of the hypothetical questions posed to the VE must accurately and comprehensively reflect the claimant's characteristics, and a reviewing court must determine whether they are supported by substantial evidence. McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987); Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985); see also Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."). However, a hypothetical question need not incorporate alleged impairments that the ALJ has properly discredited or found to be unsupported by the medical evidence. Crawford v. Comm'r of Social Sec., 363 F.3d 1155, 1161 (11th Cir. 2004) ("the ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported").

As noted above, the ALJ properly rejected Plaintiff's subjective complaints and correctly assessed the objective medical findings from Dr. Peacock's report. Because these impairments were properly discredited, the ALJ was not required to include them in her hypothetical to the VE. Crawford, 363 F.3d at 1161. Further, the ALJ properly included the limitations from Plaintiff's RFC in proposing a hypothetical including a person where "pushing and/or pulling in the bilateral upper extremities would be limited to frequently" and "handling and fingering would be limited to frequently in the bilateral upper extremities . . ." R. at 82. Accordingly, the ALJ's hypothetical to the VE was supported by substantial

evidence.

### C. The ALJ Fairly and Fully Considered the Evidence.

Finally, Plaintiff argues that the ALJ did not fairly and fully consider the evidence because the ALJ issued her opinion two and a half days after the hearing. Pl.'s Br., p. 19. However, the opinion reveals a thorough and rigorous examination of all the medical evidence and a careful consideration of Plaintiff and her daughter's testimony. The opinion spans twenty-one pages and summarizes a medical record which amounts to almost 600 pages. Indeed, Plaintiff, in a curious contradiction, uses the length of the decision as an argument that the ALJ could not have carefully considered all of the evidence. Pl.'s Br., p. 19. It is not the duty of this Court to speculate on the time it should take an ALJ to issue an opinion after a hearing. Rather, the Court is simply limited to determining whether Plaintiff received a "full and fair hearing." See Brown v. Shalala, 44 F.3d 931, 935 (11th Cir. 1995). Nothing in the ALJ's opinion suggests that Plaintiff received anything other than a fair hearing and an opinion supported by substantial evidence. Therefore, this claim is without merit

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 22nd day of July, 2015, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA